**Andre Brigham YOUNG, Petitioner–Appellant,**

v.

**David WESTON, Superintendent of the Special Commitment Center; State of Washington, Respondents–Appellees.**

No. 01–36026.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 2, 2003.

Filed Sept. 18, 2003.

Dennis Carroll, Seattle, WA, for the appellant.

Sarah Sappington, Deputy Attorney General, Seattle, WA, for the appellees.

Before B. FLETCHER, BRUNETTI, and McKEOWN, Circuit Judges.

BRUNETTI, Circuit Judge:

Petitioner Andre Young filed a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging Washington State's Community Protection Act of 1990 ("Act"). The Act authorizes the civil commitment of "sexually violent predators," persons who suffer from a mental abnormality or personality disorder that makes them likely to engage in predatory acts of sexual violence. Wash. Rev.Code § 71.09.010 (1990). Young has been confined as a sexually violent predator at the Special Commitment Center ("SCC") since 1991. In this appeal Young contends that the district court erred in denying his double jeopardy and *ex post facto* claims without considering, in the "first instance" the actual manner in which the Act has been implemented at the SCC, and further erred in denying his substantive due process claim without considering in the "first instance," the actual manner in which the Act is implemented.

We have jurisdiction pursuant to 28 U.S.C. § 2253 and we AFFIRM the district court's denial of Young's double jeopardy, *ex post facto* and substantive due process claims.

## I.

### Procedural Background

In 1994, Young filed a writ of habeas corpus pursuant to 28 U.S.C. § 2254 against the SCC, challenging the constitutionality of the Act and claiming his confinement was illegal. The district court granted the writ and found that the Act violated substantive due process, that the Act was punitive, and that it violated the double jeopardy and *ex post facto* provisions of the Constitution. *Young v. Weston,* 898 F.Supp. 744 (W.D.Wash. 1995)("*Young I*"). The SCC appealed to the Ninth Circuit. While the appeal was pending, the Supreme Court held in *Kansas v. Hendricks,* 521 U.S. 346, 117 S.Ct. 2072, 138 L.Ed.2d 501 (1997), that the Kansas Sexually Violent Predator Act facially met the requirements of substantive due process, was nonpunitive, and therefore did not violate the double jeopardy and *ex post facto* provisions of the Constitution.

We remanded Young's case to the district court for reconsideration after *Hendricks. Young v. Weston,* 122 F.3d 38(9th Cir.1997)("*Young II*"). The district court then ordered supplemental briefing and heard oral argument. On February 10, 1998, the district court issued an order concluding that in light of *Hendricks,* Washington's Act did not violate the double jeopardy and *ex post facto* provisions of the Constitution, and did not violate Young's substantive due process rights.

Young appealed and in *Young v. Weston,* 192 F.3d 870, 876 (9th Cir. 1999)("*Young III*"), *rev'd., Seling v. Young,* 529 U.S. 1017, 120 S.Ct. 1416, 146 L.Ed.2d 309 (2000), we affirmed the district court's conclusion that Young's substantive due process claims were not supported by law. However, we found that the district court failed to hold an evidentiary hearing when we last remanded Young's case for reconsideration in light of the Supreme Court's *Hendricks* decision. *Id.* We held that, "[b]ecause the district court did not conduct an evidentiary hearing on the question whether the conditions of Young's confinement at the Special Commitment Center rendered the statute punitive as applied to Young, we reverse

and remand for further proceedings on the *ex post facto* and double jeopardy clause claims." *Id.* at 877. The SCC petitioned for a writ of certiorari which was granted.

In *Seling v. Young*, 531 U.S. 250, 263, 121 S.Ct. 727, 148 L.Ed.2d 734 (2001), the Supreme Court reversed and held that Young "cannot obtain release through an 'as-applied' challenge to the Washington Act on double jeopardy and *ex post facto* grounds." The Court remanded for further proceedings consistent with its opinion, *id.* at 267, 121 S.Ct. 727, and we then again remanded for reconsideration to the district court. *Young v. Seling*, 248 F.3d 1197(9th Cir.2001).

On remand, the district court denied Young's motion for briefing and oral argument. The district court determined that it had already provided briefing and oral argument on *Hendricks* issues in its February 10, 1998 order. The district court denied Young's claims and Young filed the appeal currently before us.

## II.

### Substantive Due Process

We previously affirmed the district court's conclusion that Young's substantive due process claims were not supported by law. *Young III*, 192 F.3d 870, 876 (9th Cir.1999). Therefore, we will not address the substantive due process issue here.

## III.

### Double Jeopardy and Ex Post Facto Claims

■ Young claims that the district court erred in failing to make a determination in the "first instance" regarding the actual implementation of the Act. In fact, that "first instance" determination was made ten years ago, when the Washington Supreme Court decided in *In re Young*, 122 Wash.2d 1, 857 P.2d 989 (1993), that the

Act was civil in nature. *Id.* at 999. That decision has never been overturned. In addition, in *Young III*, the Ninth Circuit affirmed the district court's determination in light of *Hendricks* that the Act was civil on its face, *see* 192 F.3d at 873–74, and Young did not seek certiorari to the U.S. Supreme Court. He is therefore barred from asserting it now.

■ Even were we to presume that the nature of the Act remains open to relitigation, Young's proposed "as applied" analysis fails. Under *United States v. Ward*, 448 U.S. 242, 248–49, 100 S.Ct. 2636, 65 L.Ed.2d 742 (1980), we undertake two inquiries in assessing whether a statute is civil or criminal: First, did Congress express a preference? Second, even if Congress intended that the statute be civil, is the statutory scheme nevertheless so punitive in purpose or effect that it negates the intent? With regard to the second prong, *Seling* bars us from evaluating the statute's purpose and effect with reference to its actual implementation; instead, we must determine whether the text or legislative history of the *statute* evidences a punitive effect despite Congress's expressed intent that it be civil. *Seling*, 531 U.S. at 263, 121 S.Ct. 727. Because the Washington statute that Young challenges is identical in all relevant respects to the Kansas statute deemed civil by the Supreme Court in *Hendricks*, the district court did not err in applying *Hendricks* and determining that the Community Protection Act is civil in nature.

■ Under *Hendricks*, a court may look to see if the civil statute has criminal punishment objectives, such as "retribution or deterrence," and whether there is a finding of scienter within the statute. *Hendricks*, 521 U.S. at 361–62, 117 S.Ct. 2072. Young failed to argue in his Supplemental Brief on Remand that the Act was retributive, served as a deterrent, or re-

quired a finding of scienter. Instead, he argued that Washington's treatment program did not provide sufficient treatment for its detainees, a challenge originally faced by the Kansas program as well. As the district court noted, the Supreme Court determined in *Hendricks* that because states enjoy "wide latitude in developing treatment regimes," the face of the statute should be the primary focus. *Hendricks*, 521 U.S. at 368, 117 S.Ct. 2072.

Young also asserted that the Act's official supporters used the Act as an opportunity to permanently confine dangerous sex offenders. The district court observed that similar evidence was presented in *Hendricks* and reasoned that "[w]here the state expressly disavows any punitive intent, and the structure of the statute supports treatment and release ... the Supreme Court has found that such statements do not prove a contrary intent."

■ The Act's civil nature therefore precludes Young's claims that the Act violates the ex post facto and double jeopardy claims. Because the district court correctly applied the Supreme Court's decision in *Hendricks* to Young's arguments regarding the purpose and effect of the Act, we affirm the district court's denial of Young's habeas petition.

AFFIRMED.